IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RONALD DAVID JONES,

    Plaintiff,

vs.                                  Case No. 4:15cv116-MW/CAS

WALT MCNEIL,

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed eighteen cases in this Court.[1] In this case, filed on February 26, 2015, Plaintiff filed a civil rights complaint, doc. 1, a motion requesting leave to proceed in forma pauperis, doc. 2, and a motion requesting the appointment of counsel, doc. 3.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 2. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv116, 4:15cv117, and 4:15cv119. In addition to those cases, Plaintiff also initiated case number 4:14cv332 in July of 2014.

shown and Plaintiff's in forma pauperis motion, doc. 2, is **Granted**. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and it is insufficient as filed. The complaint is not on court forms as is required by the local rules of this Court. N.D. Fla. Loc. R. 5.1(H). In addition, Plaintiff did not file a notice of the pendency of other or prior similar actions as required by N.D. Fla. Loc. R. 5.1(G). That rule states: "Whenever the newly filed case involves issues of fact or law common with such issues in another case currently pending in this district, or if the case was previously terminated by any means and has now been refiled without substantial change in issues or parties, the party filing the case shall file a 'Notice of Pendency of Other or Prior Similar Actions' containing a list and description thereof." *Id.* As explained below, this case involves issues of fact which are in common with case number 4:15cv90-RH/CAS, a case filed on February 19, 2015, and case number 4:14cv332-RH/CAS, a case filed in July 2014. A notice should have been filed. However, there is no reason to require Plaintiff to submit an amended complaint to correct those deficiencies because the factual allegations sufficiently demonstrate Plaintiff cannot present a viable claim for relief.

Plaintiff alleges that on January 26, 2012, Chief of Police Walt McNeil was acting on behalf of President Barack Obama to defame Plaintiff's candidacy for President. Doc. 1 at 1. Plaintiff contends McNeil met with Jack McLean, Ann Sherman, Greg Taylor and other members of the City Commission "to devise a plan to have Plaintiff arrested on an outdated fictitious warrant . . . ." *Id.* Plaintiff contends there was a deliberate conspiracy to defame his character. *Id.* at 1-2. Plaintiff makes the conclusory allegation that the City "illegally monitored all Plaintiff [sic] campaign emails,

websites, social media, and regular mail." *Id.* at 2. Plaintiff contends that the City, President Obama, and other governmental agencies conspired to determine "who they would allow to run for president." *Id.* He claims that the "atrocities committed against Plaintiff make Watergate look like nothing!" *Id.* Plaintiff believes "they" are trying to kill him and make it look like an accident. *Id.* Plaintiff claims he was falsely arrested on bogus charges for Theft of Utilities. He points out that he was unable to get paid as a substitute teacher if he was in jail and could not work. *Id.* Plaintiff states that he was eventually able to show a receipt indicating he paid his utility bill. *Id.* Plaintiff contends that on February 17, 2015, his named was "placed on the 2016 active candidate list as a candidate for President of the United States." *Id.*

Plaintiff does not provide any specific factual allegations which show that Defendant McNeil took any action which violated Plaintiff's rights. Plaintiff has not provided any facts which demonstrate a conspiracy beyond his conclusory allegations. Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted. Moreover, Plaintiff has already been litigating his claim of false arrest in case number 4:14cv332. As noted in the Report and Recommendation which is pending in that case, that claim is insufficient and cannot proceed. This complaint should be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 3, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and all motions which may be pending in this case be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2015.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**